**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

    v.                                                    Case No.: 3:03cr96-RV/MD

KENNETH E. STEWART
_____/

## ORDER

Now pending is the defendant's "Motion to Combine and Rule on Cases" (doc. 83).

On February 18, 1998, after having pled guilty to one (1) count of bank robbery, the defendant was sentenced by Judge W. Harold Albritton, III, in the Middle District of Alabama, to fifty-seven (57) months incarceration and three years supervised release. The defendant was released from federal custody on March 8, 2002, at which time he began supervised release. He eventually violated the terms of his supervised release by committing new law violations in Pensacola, Florida. These violations included grand theft auto, drinking alcohol to excess, and using cocaine. Thereafter, on July 29, 2003, Judge Albritton modified the terms of the defendant's supervised release conditions as a sanction to address the violation. He ordered the defendant to serve up to six (6) months at a halfway house in Pensacola. The defendant turned himself in to the halfway house on August 28, 2003, and he was released after successful completion on or about February 27, 2004. In the interim, on September 12, 2003, the case was transferred from the Middle District of Alabama to the Northern District of Florida.

While he was still residing in the halfway house, the defendant again violated his supervised release conditions by using cocaine. On September 26, 2003, I held the violation in abeyance to allow the defendant the opportunity to complete the halfway house commitment originally ordered by Judge Albritton, which, as noted, he did on February 27th.

By violation report dated August 2, 2004, I was advised that the defendant had again violated the terms of his supervised release --- this time by committing a state felony robbery offense. The petition also included the previous violation (cocaine) that I held in abeyance pending his completion of his halfway house commitment. After a hearing on February 1, 2007, I revoked defendant's supervised release and sentenced him to a term of fifteen (15) months custody in the Bureau of Prisons, with no supervision to follow. This sentence was ordered to be served *consecutively* to the sentence imposed in the state on the robbery charge. In the motion now under consideration, defendant contends that:

> The trial court should "adjust" the fifteen (15)-month Federal Sentence imposed consecutive to his State sentence to reflect a six (6)-month deduction pursuant to a "court-ordered" confinement to a Community Corrections Center (half-way house - most restrictive conditions).

I note that the defendant has advanced substantially the same argument several times now, and it has been rejected each time. *See* docs. 17, 43, 62, 65 (motions); and docs. 19, 46, 64, 70 (orders denying same)).[1] The argument was (and still is) unpersuasive as it is generally understood that "'[u]pon revocation of supervised release, no credit shall be given [toward any term of imprisonment ordered] for time previously served on post-release supervision.'" *United States v. Hungate,* 138 Fed. Appx. 853, 855 (8th Cir. 2005) (quoting U.S.S.G. § 7B1.5(b)). Moreover, decisions regarding concurrent versus consecutive sentences lie within the sound discretion of the district court. Here, the defendant was on supervised release for a federal offense when he committed a distinct and unrelated state offense. It was appropriate to provide for a

---

[1] In fact, on one occasion, the defendant advanced this argument essentially verbatim. *See* doc. 62 at 2 ("The trial court should 'adjust' the fifteen (15) month Federal sentence imposed consecutive to the state sentence to reflect a six (6) month deduction pursuant to a 'court-ordered' modification for confinement to a half-way house (most restrictive conditions)"). I denied that request by order dated November 21, 2008 (doc. 64).

*Case No.: 3:03-cr-96-RV-MD*

consecutive sentence so as to punish the defendant for his separate offense.[2]

The defendant's motion (doc. 83) is hereby DENIED.

DONE and ORDERED this 27th day of May, 2009.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[2] The defendant also contends that I should "adjust" the consecutive sentence "to reflect a thirty (30) day deduction pursuant to a 'court-ordered' writ of habeas corpus ad prosequendum to transport the Petitioner for appearance on (VOSR) Hearing." However, upon his release from state custody, the Bureau of Prisons will automatically calculate any federal time served that is directly related to his case.

*Case No.: 3:03-cr-96-RV-MD*